CALEDONIAN INSURANCE COMPANY OF EDINBURGH, SCOTLAND, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, New York Special Term, March, 1923 — Received May, 1923.

Negotiable instruments — fire loss — check of insurance company payable to supposed owner — fraud by agent — action against bank to recover amount of check — when question of plaintiffs' negligence cannot be determined on motion for summary judgment.

Where a bank not only shows that it paid a forged or fictitious draft in good faith and without negligence on its part, but that such payment was brought about or at least contributed to by the negligence of the depositor or drawer of the draft, the bank is not liable in an action by the drawer to recover the amount of such payment.

Upon the adjustment of a total loss under a policy of fire insurance issued by plaintiff, it drew a draft for the amount of the policy payable to M., the insured, and mailed it to its adjuster for delivery to M. When the draft was presented to a trust company for payment it bore what purported to be the signature of the insured and of the plaintiff's adjuster and when it came into the hands of defendant it was presented to and paid by plaintiff. It was subsequently ascertained that there was no property such as was described in the policy, that there had been no fire and that there was no person named M. on the premises. Apparently the adjuster whose name appeared on the back of the draft under that of the payee was connected with a scheme to defraud the plaintiff by means of the policy, the proofs of loss and the collection of the claim. In an action brought against the bank that had paid the draft, upon an implied promise to repay money paid under a mistake of fact, the answer pleaded as a separate defense negligence on the part of the plaintiff, and the moving affidavits upon motion for summary judgment stated that plaintiff believed M. to be a real and existing person, and intended the draft to be for a person of that name who owned the property insured and suffered certain loss, and that plaintiff did not intend to make the draft payable to its adjuster or to a fictitious person or to bearer. *Held*, that the affidavits being insufficient to dispose of the question raised by the separate defense, the motion for summary judgment will be denied upon the ground that the question of plaintiff's negligence should not be disposed of on affidavits.

MOTION for summary judgment.

*Patterson, Eagle, Greenough & Day (Carroll G. Walter,* of counsel), for plaintiff.

*White & Case (Joseph M. Hartfield* and *Vermont Hatch,* of counsel), for defendant.

COHALAN, J. The plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The action is based upon the claim of an implied promise to repay money under a mistake of fact.

In June, 1921, the plaintiff issued to one M. H. Minor a policy of insurance for $1,500 covering a dwelling and furniture therein at Hopkinsville, Ky. The policy was issued through the Giant

Insurance Agency, Inc., of that town.   The agency was composed of T. J. and B. O. McReynolds.   About a month after the issuance of the policy proofs in the usual form were submitted to the company showing a total loss of the premises.   The plaintiff employed an adjuster in Kentucky to investigate the matter, and he reported that there was an entire loss.   The plaintiff then drew a draft for $1,500, payable to the order of M. H. Minor (the insured). The draft was mailed to the McReynolds in Kentucky to be delivered to the insured.   It was subsequently presented to the Planters' Bank and Trust Company in the town of Hopkinsville.   At that time it bore what purported to be the signature of M. H. Minor, the insured, and of B. O. McReynolds.   It came into the hands of the defendant, and was presented to the plaintiff for payment, and the plaintiff paid it.   Some months later certain irregularities in the conduct of the Kentucky agency in connection with other companies were discovered.   Investigation showed that there was no property such as was described in the policy to Minor; that there had been no fire, and that there was no person there named M. H. Minor.   Apparently B. O. McReynolds, whose name appears under " M. H. Minor " on the back of the draft, was in some way connected with a scheme to defraud the plaintiff through the policy, the proof of loss and the collection of the claim.   Nothing of this was known to the plaintiff when the draft was drawn.

The main point raised here is whether or not the draft is to be considered as payable to a fictitious or non-existing person in such manner as to make it payable to bearer under section 28 of the Negotiable Instruments Law.   Subdivision 3 of that section reads, " when it is payable to the order of a fictitious or non-existing person and such fact was known to the person making it so payable " the instrument is payable to bearer.

The moving papers state that the plaintiff believed Minor to be a real and existing person, and intended the draft to be for a person of that name who owned certain property and who had suffered certain loss.   It did not intend to make it payable to B. O. McReynolds or to a fictitious person or to bearer.   The circumstances under which the draft was drawn and the papers submitted on the application for insurance policies tend to show that the plaintiff had no idea that Minor was not a real person owning the property that was destroyed.

The question of checks drawn to fictitious payees has been passed upon frequently in our courts.   *Shipman* v. *Bank S. N. Y.,* 128 N. Y. 318; *Seaboard Nat. Bank* v. *Bank of America,* 193 id. 26; *United Cigar Stores Co.* v. *Am. Raw Silk Co., Inc.,* 184 App. Div. 217; affd., 229 N. Y. 532; *National Surety Co.* v. *National City Bank,* 184

App. Div. 771; *Hartford* v. *Greenwich Bank*, 157 id. 448. In these cases the question generally resolved itself into what was the intention of the drawer when issuing the check. If the check was paid to one other than the drawee the bank was commonly held liable to refund. If the indorsement is forged the bank is liable unless it can defend upon the principle of estoppel or upon negligence chargeable to the drawer or depositor. Where the check is made payable to the order of a fictitious or non-existent person and that fact was known to the maker, or where the payee does not purport to be the name of any person the instrument is considered payable to bearer. A check of that kind could never bear a genuine indorsement, and the drawer, knowing this, was deemed to have intended it to be paid to bearer and was estopped from denying his liability. The distinction drawn in these various cases as to who is and who is not a fictitious person is a close one. To apply the rule properly the court has kept in mind, in each case, that the fictitiousness of the drawee's direction to pay depends not upon the identification of the name of the payee with some existent person, but upon the intention underlying the act of the maker in inserting the name.

Were this the only point in question here I would be inclined to say that the present case fell within the holding in *United Cigar Stores Co.* v. *Am. Raw Silk Co., Inc., supra.* But the answer alleges negligence upon the part of the plaintiff, and the affidavits are not sufficient to dispose of that question.

A bank is permitted to escape liability for repayment of amounts paid out on forged or fictitious checks by showing that it made the payments in good faith and without negligence upon its part, and that the payment was brought about or at least contributed to by the negligence of the depositor or maker. In other words, that the payment was made by reason of the negligence of the depositor or drawer to do " those things dictated by ordinary business customs and prudence and fair dealing towards the bank which, if done, would have prevented the wrongdoing which resulted from their omission." *Morgan* v. *United States Mortgage & Trust Co.,* 208 N. Y. 218. It may be that the defendant can prove such negligence as would work an estoppel as against the plaintiff. If any event the separate defense of negligence here, in view of the peculiar circumstances of the case and of the apparent lack of full knowledge upon the part of the plaintiff of its agent's or representative's acts, presents a question that should not be disposed of on affidavits.

Motion denied, without costs.

Ordered accordingly.